# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH TROY HOLMES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-09-512-D |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

Petitioner, a state prisoner appearing *pro se,* brought this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. Respondent filed a motion to dismiss the Petition as untimely, and Petitioner responded.

Judge Argo filed a Report and Recommendation [Doc. No. 15] in which he recommended the Court grant the motion and dismiss the Petition; he concluded that the applicable statute of limitations expired before the Petition was filed, and he found no basis for statutory or equitable tolling of the limitations period. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

As explained in detail in the Report and Recommendation, Petitioner challenges his conviction and sentence in Case No. CF-2001-527, District Court of Garfield County, Oklahoma. Petitioner was convicted of second degree murder, and was sentenced to life imprisonment. His conviction and sentence were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA"). Thereafter, Petitioner unsuccessfully filed four applications for post-conviction relief; the disposition

of each is discussed in detail in the Report and Recommendation at pages 2-3. The most recent post-conviction relief application was denied on October 1, 2008, and that denial was affirmed on appeal by the OCCA on January 21, 2009. On May 15, 2009, Petitioner filed this action seeking habeas relief.

The Magistrate Judge concluded that the Petition should be dismissed as untimely because the statute of limitations period prescribed by 28 U.S.C. §2244(d) expired prior to its filing. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), §2244 provides that a habeas petition seeking relief from a state court judgment must be filed within one year from the date the judgment becomes final.[1]

Because Petitioner filed a direct appeal, the one-year limitation period commenced when his direct appeal concluded. 28 U. S. C. § 2244(d)(1)(A). That deadline was further extended by the expiration of the 90-day time period in which to file a petition for certiorari in the United States Supreme Court. 28 U. S. C. § 2101; *Locke v. Saffle*, 237 F. 3d 1269, 1273 (10th Cir. 2001). Petitioner concedes that his direct appeal concluded on July 16, 2004; thus, the one-year limitation period commenced after the expiration of the 90-day time period for filing a petition for certiorari, or October 14, 2004. Accordingly, absent statutory or equitable tolling, the limitations period for this action expired on October 15, 2005.

In the Report and Recommendation, the Magistrate Judge considered in detail whether Petitioner's post-conviction relief applications statutorily tolled the statute of limitations. As he noted, the AEDPA limitations period is tolled while a "properly filed application for State post-

---

[1] The statute provides alternative times for commencement of the limitations period. However, the magistrate judge correctly concluded, and petitioner does not dispute, that the date of final judgment is the only applicable commencement date in this case.

conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U. S. C. § 2244(d)(2). However, state court filings submitted after the expiration of the statute of limitations do not toll the limitations period. *Fisher v. Gibson*, 262 F. 3d 1135, 1142-43 (10th Cir. 2001). As the Magistrate Judge concluded, Petitioner cannot benefit from statutory tolling in this case because his first application for post-conviction relief was not filed until November 8, 2005, after the one-year AEDPA limitations period had expired. Petitioner does not challenge this conclusion; instead, he argues that the limitations period should be equitably tolled.

At pages 10 through 13 of the Report and Recommendation, the Magistrate Judge explained and analyzed the doctrine of equitable tolling and considered whether it may be applied in this case. After considering each of Petitioner's arguments in support of equitable tolling, the Magistrate Judge concluded that the doctrine is inapplicable.

The Court has carefully considered this analysis, and finds that it accurately applies the governing law to the facts of this case. The Magistrate Judge's analysis need not be repeated herein, but is adopted as though fully set forth herein. The Court concludes that the limitations period is not extended by the doctrine of equitable tolling.

The Court also notes that, in his objection to the Respondent's motion to dismiss, Petitioner argued that Judge Argo's failure to authorize discovery in this case deprived Petitioner of the ability to ascertain facts which would support equitable tolling. In the Report and Recommendation, the Magistrate Judge discussed in detail the standards governing discovery in Section 2254 cases and further explained the basis for his decision to deny discovery in this case. Moreover, as the Magistrate Judge pointed out, the requested discovery could not have assisted Petitioner in supporting his equitable tolling theory. *See* Report and Recommendation at pages 6-8.

In his objection to the Report and Recommendation, Petitioner reasserts arguments previously rejected by the Magistrate Judge. The Court does not find Petitioner's arguments persuasive, nor does the Court agree with Petitioner's contention that the Magistrate Judge failed to properly analyze the facts on which Petitioner relies.

Having fully considered the record and the governing law, as well as Petitioner's arguments, the Court concludes that the Report and Recommendation [Doc. No. 15] should be, and is hereby, ADOPTED. Petitioner's habeas action is dismissed as untimely.

IT IS SO ORDERED this 29th day of December, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE